■ LIBERTY MUTUAL INSURANCE COMPANY et al., Appellants, v FIVE BORO MEDICAL EQUIPMENT, INC., Respondent. [13 NYS3d 385]—

Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered September 4, 2014, which, to the extent appealed from, denied plaintiffs' motion for a default judgment seeking a declaration that they were not obligated to pay defendant for the submitted claims at issue, unanimously reversed, on the law, without costs, the motion granted, and it is declared that plaintiffs are not obligated to pay defendant for the claims at issue.

Plaintiffs are no-fault automobile insurers in New York State. Defendant is a provider of durable medical equipment in New York City. Defendant provides such equipment to claimants under plaintiffs' policies. Plaintiffs came to suspect that defendant was over-billing them for the equipment. Accordingly, as was their right under the policy and the relevant regulations (11 NYCRR 65-1.1 *et seq.*), plaintiffs requested an examination under oath (EUO) of defendant in order to verify the billings.

Defendant never appeared for the scheduled EUOs. Plaintiffs then commenced this declaratory judgment action. Defendant never answered or appeared. Plaintiffs then moved for a default judgment. Defendant failed to oppose the motion. The IAS court denied plaintiffs' motion for a default judgment, concluding that plaintiffs had not submitted sufficient proof of mailing the letters notifying defendant of the scheduled EUOs. We note that defendant has not submitted opposition to the instant appeal.

We reverse. The affirmation of plaintiffs' counsel submitted

in support of plaintiffs' motion for default clearly set forth the mailing procedures to defendant. Indeed, counsel represented, under penalty of perjury, that he personally verified the mailing process for every EUO letter sent. This was adequate proof that the EUO letters were mailed to defendant (*see e.g. Olmeur Med., P.C. v Nationwide Gen. Ins. Co.*, 41 Misc 3d 143[A], 2013 NY Slip Op 52031[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; *Longevity Med. Supply, Inc. v IDS Prop. & Cas. Ins. Co.*, 44 Misc 3d 137[A], 2014 NY Slip Op 51244[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Concur— Tom, J.P., Andrias, Feinman, Gische and Kapnick, JJ.